Parish, Appellant, *v.* Seitz et al.

Argued January 22, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John L. DuBois,* for appellant.

*William Reese Scott, 3d,* with him *Thomas Ross, Asher K. Anders* and *Webster Grim,* for appellees.

PER CURIAM, March 19, 1934:

From the stipulation of facts, made pursuant to Rule 56, we understand that an action for slander was brought by appellant against the defendants. At the trial, when plaintiff rested, defendants moved that a compulsory nonsuit be entered. The learned trial judge, in some doubt, reserved decision. Defendants then began putting in their case and, at the opening of court

on the next day, the judge stated that he had concluded that defendants' motion must be granted. After the motion to take off the nonsuit was dismissed, plaintiff took this appeal.

Appellant contends that, after defendants began offering testimony, the judge could not, in accord with his reservation, grant defendants' motion; that "defendants [had] waived their right to a nonsuit by presenting testimony in their defense."

In his opinion, filed pursuant to Rule 58, the learned trial judge stated that "the nonsuit was entered on the theory that the action was one for slander and that such an action could not be sustained against two or more joint defendants." He also said: "Upon the trial of the case the plaintiff called numerous witnesses who testified to various statements made by defendants individually and at different times, which, if untrue, would be slanderous and actionable per se." We have no other information concerning the cause of action declared on. It is elementary that a number of different torts committed by various persons at different times cannot be redressed in a single action merely because the plaintiff may have been injured by each wrong. Even if the action had been tried to a verdict for plaintiff, it would have been the duty of the court to enter judgment for the defendants n. o. v. It is, therefore, unnecessary to consider appellant's analysis of the Act of March 11, 1875, P. L. 6, providing for the entry of compulsory nonsuits, for, in any case, he was not harmed.

Judgment affirmed.