## Toth v. O'Brien et al.

*W. G. Barker* and *Anderson & Lamb*, for plaintiff. *Thomas H. Armstrong*, for defendants.

ROWLEY, J., January 19, 1942.—Plaintiff joined the above-named physicians as defendants in an action of trespass. The statement of claim avers in substance that Dr. O'Brien performed a surgical operation

upon plaintiff on June 16, 1938, and ministered to him professionally following said operation until July 1, 1938, when Dr. Moses became the attending physician. Plaintiff complains that Dr. O'Brien negligently permitted a piece of gauze to remain within the incision during the period of his care of the patient, and that Dr. O'Brien failed to inform Dr. Moses of the presence of the gauze in the incision. Plaintiff also avers that Dr. Moses negligently failed to discover and remove the gauze. All of which is averred to have damaged plaintiff.

Counsel for defendants has filed an affidavit of defense raising, as a question of law, the improper joinder of defendants.

Defendants' brief and argument stresses the fact that defendants in caring for plaintiff did not act concurrently, but successively. It is defendants' contention that, even if both were negligent, the negligent acts were separate torts and must be redressed in separate actions.

At common law the right to join defendants was determined by the nature of the liability and the form of action. In the field of tort law, if the independent and unconcerted acts of several persons harmed plaintiff, he had to sue them separately unless the doctrine of concurrently negligent tortfeasors was applicable: Parish v. Seitz et al., 314 Pa. 319; 2 Standard Pennsylvania Practice, pp. 369, 374, 377. The fact that it may have been difficult to apportion to each tortfeasor the harm done by him to plaintiff did not warrant a departure from this rule: Gallagher v. Kemmerer et al., 144 Pa. 509.

We have, however, departed radically from early common-law practice. In 1929, the legislature of Pennsylvania adopted the Sci. Fa. Act, by means of which a defendant could join as an additional defendant a person not of record whom he claimed to be liable over to him or jointly or severally liable with him to

the original plaintiff: Act of April 10, 1929, P. L. 479, 12 PS §141.

In 1931, this statute was extended so as to permit the joinder as an additional defendant of one claimed to be solely liable to plaintiff: Act of June 22, 1931, P. L. 663. While these acts only authorized defendants to join additional parties, that legislation was construed as manifesting a policy to abrogate the common-law rule that only persons jointly liable to plaintiff could be made defendants in trespass actions. Accordingly, it was held that in a trespass action plaintiff could join as defendants persons severally liable to him for the damage done to him, without regard to whether all defendants were liable because of their own conduct (Williams v. Kozlowski et ux., 313 Pa. 219), or whether one of the defendants was vicariously liable for the tort of his codefendant: East Broad Top Transit Co. v. Flood, 326 Pa. 353; Parker v. Rodgers et al., 125 Pa. Superior Ct. 48. The effect of these decisions was to permit a joinder of defendants in trespass which was about as liberal as that permitted of plaintiffs under the Permissive Joinder of Plaintiffs Act of June 5, 1937, P. L. 2072.

By the Act of June 21, 1937, P. L. 1982, 17 PS §61, the Supreme Court of Pennsylvania was authorized to promulgate uniform rules to regulate the practice in the lower courts. By virtue of this statute, a procedural rule has the effect of a statute and overrides any authority to the contrary. Acts of assembly inconsistent with the rules are suspended; decisions of any court, including those of the Supreme Court itself, are superseded when they conflict with a procedural rule. For example, the above-cited statutes, Act of April 10, 1929, P. L. 479, Act of June 22, 1931, P. L. 663, Act of May 18, 1933, P. L. 807, and Act of June 25, 1937, P. L. 2118, have been suspended in toto by the rules governing the joinder of additional parties. See generally Pennsylvania Rules of Civil Procedure.

Rule 2229(*b*) reads as follows:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action."

This rule gives plaintiff or plaintiffs the option to join as defendants in one action persons alleged to be jointly, severally, or separately liable, or liable in the alternative to plaintiff or plaintiffs whenever the respective liabilities arise from a common factual background and common questions of law or fact are involved: Pa. R. C. P. 2229(*b*).

Rule 2229(*b*) completes the process and permits the joinder of defendants upon terms similar to the joinder of plaintiff's rule under the Permissive Joinder of Plaintiffs Act of 1937.

Permissive joinder of defendants is also predicated on administrative convenience and not on the form of action or the nature of the cause of action. If the issues between the various parties may be conveniently tried and determined in one action, the joinder is desirable. Issues between various parties arising from a common factual background and involving common questions should ordinarily be determined in one action. Duplication of pleading and proof will be avoided and needless waste of money and time prevented.

The permissive joinder of defendants does not unite the causes of action and they remain independent to the same extent as if separate suits had been brought, but consolidated for trial. (See rule 2231(*a*) to (*f*)).

### Order

And now, January 19, 1942, this matter came on for argument upon defendants' affidavit of defense in the nature of demurrer, whereupon, after due con-

sideration, it is ordered, adjudged, and decreed that the affidavit of defense raising a question of law be overruled, and defendants are directed to file a supplemental affidavit of defense to the averments of fact of the statement within 15 days.