## George v. Snyder et al.

*F. Lyman Windolph*, for plaintiff.

*Charles G. Baker* and *Charles W. Eaby*, for defendants.

WISSLER, J., April 6, 1944.—Plaintiff joined the above-named defendants in an action of trespass. Plaintiff's amended statement of claim avers in substance that Addie R. Snyder, one of the defendants, is the

owner of premises known as 129-31-33 North Queen Street, Lancaster, Pa.; that the Stanley Company of America, one of the defendants, is lessee of said premises under a written lease from the said Addie R. Snyder, dated July 8, 1941, a copy of which lease is attached to the amended statement of claim and made a part thereof; that on March 22, 1943, and prior and subsequent thereto, a motion picture theatre known as the Grand Theatre was conducted, managed, and operated on said premises; that Warner Bros. Circuit Management Corporation, one of the defendants, was the licensee of said theatre under a license issued by the City of Lancaster, Pa., and that prior and subsequent to March 22, 1943, the receipts from the operation of said theatre were deposited to the credit of Circuit Settlement Corporation, one of the defendants herein. Plaintiff, in his amended statement of claim, states that the action is brought to recover damages resulting from injuries sustained by plaintiff as a result of negligence, and is brought against defendants jointly, severally, separately, and in the alternative in accordance with the provisions of Pa. R. C. P. 2226-2250, both inclusive. The statement of claim specifically alleges, in paragraph 19:

"The injury to plaintiff resulted solely from the negligence of defendants jointly, severally, separately, or in the alternative (a) in maintaining said metal discs or vents in such a position that they extended into the space between the rows of seats which the public was invited to occupy, (b) in admitting the public to the row of seats into which said metal discs or vents extended, (c) in permitting plaintiff to enter said row of seats without the services of an usher and without warning him of the existence of said metal discs or vents, and (d) in permitting plaintiff to enter said row of seats while the theatre was darkened."

To this amended statement of claim Addie R. Snyder has filed an affidavit of defense raising as questions of

law the improper joinder of her as a defendant on the ground that the statement of claim sets forth no cause of action against her, or any negligence on her part.

At common law in actions in the field of tort, a plaintiff could not join in one suit persons committing torts which were not joint: Parish v. Seitz et al., 314 Pa. 319 (1934). However, the Scire Facias Acts of April 10, 1929, P. L. 479, and June 22, 1931, P. L. 663, established a radical departure from the early common-law practice.

In Williams v. Kozlowski et ux., 313 Pa. 219 (1933), the Supreme Court clearly established the principle applicable to the procedure in the case at bar when, at page 225, Mr. Justice Maxey stated:

"If the joint negligence *is* sufficiently pleaded, the procedure followed in this case was in conformity with the Act of June 29, 1923, P. L. 981. If it was *not* sufficiently pleaded, the suit against the two defendants is permissible under the Scire Facias Acts of 1929 and 1931. Those acts give statutory support to the policy of bringing onto the record as defendants in any action all persons alleged to be liable for the cause of action declared on, *whether liable jointly or severally.* It is true that these acts provide for the bringing onto the record of an added defendant or defendants only by the *original defendant* suing out a writ of scire facias to bring such additional defendant or defendants upon the record; but to bring the practice into complete harmony with these acts, we hold that there is now no legal policy which forbids the *plaintiff's* bringing all defendants upon the record whether they are liable jointly or severally."

By the Act of June 21, 1937, P. L. 1982, 17 PS §61, the Supreme Court of Pennsylvania was authorized to prescribe by general rule the practice and procedure in civil actions at law and in equity in the lower courts. By virtue of this statute a procedural rule has the effect of a statute and overrides any authority to the contrary.

Pa. R. C. P. 2229 (*b*) provides as follows:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action."

In the note of the Procedural Rules Committee it is stated:

"The right to join defendants in the alternative is designed to remedy the situation in which the plaintiff knows that one or more of several persons is or are liable to him but is unable to ascertain which or is unable honestly to allege that all such persons are jointly liable."

An examination of the amended statement of claim discloses that plaintiff has sufficiently averred the negligence of defendants, jointly or in the alternative, to warrant the joinder of Addie R. Snyder as a party defendant. It is possible that at the time of the trial of this case it may develop that no liability can be shown on the part of Addie R. Snyder, the lessor, in which event, however, her rights may be amply protected.

Issues between various parties arising from a common factual background and involving common questions should ordinarily be determined in one action. The permissive joinder of defendants does not unite the causes of action, and the character of the rights and liabilities of the parties remain unchanged. See Pa. R. C. P. 2231 (*a*) to (*e*).

And now, April 6, 1944, the questions of law raised by defendant's affidavit of defense are decided against defendant Addie R. Snyder and leave is granted to defendant to file an affidavit of defense to the amended statement of claim upon the merits within 15 days.