## Emich v. Boggs & Buhl, Inc.

Before Egan, O'Toole and Soffel, JJ.

*Graubart & Patterson* and *Crawford, Arensberg & Dunn*, for plaintiff.

*Pritchard, Lawler & Geltz* and *Challener & Challener*, for defendants.

SOFFEL, J., May 24, 1948.—This case is before the court on preliminary objections raising questions of law filed, respectively, in behalf of Boggs & Buhl, Inc., one of the defendants, and in behalf of Dr. Lloyd A. Busch, other defendant.

The preliminary objections filed in behalf of defendant Boggs & Buhl, Inc., are predicated on the ground that plaintiff's complaint was ambiguous and contradictory and that defendant was not sufficiently apprised of the basis of the action. In her complaint plaintiff avers in paragraph 6 that she fell in defendant's store as a result of defendant's negligence. She avers that defendant was negligent in permitting the floor at the service desk to become slippery and littered with various objects, and in permitting a large crowd of people about the service desk to push and jostle plaintiff.

There is no ambiguity in plaintiff's allegations of various acts of negligence contributing to plaintiff's

injuries, and these averments of separate acts of negligence are entirely consistent with one another. Even if they were not, Pa. R. C. P. 1020(c) expressly permits alternative pleading in actions in assumpsit and trespass. The fact that the floor was in a slippery and littered condition is clearly set out as the cause of the dangerous and defective condition of the floor.

Plaintiff further specified in paragraph 7 of the complaint that defendant's employes were negligent immediately after plaintiff's fall in moving the seriously injured plaintiff and placing her in a sitting position, thus greatly aggravating the condition of her hip. The complaint is specific in the allegation that the negligent violation of elementary rules of first aid consisted of moving plaintiff and placing her in a sitting position. The alleged negligent breach by defendant of elementary rules of first aid in this connection is stated with particularity.

During the course of argument on said objections the court indicated that plaintiff might well amend certain paragraphs of the complaint, and indicated the nature and extent said amendment should take. It was agreed that such amendment would be made and that the court in its opinion should devote itself exclusively to the objections which concern the alleged improper joinder of the two defendants. For this reason, the preliminary objections ex parte defendant Boggs & Buhl, Inc., will be dismissed.

We shall now consider the objections filed by defendant, Dr. Lloyd A. Busch.

Jennie Emich, plaintiff, brought suit in trespass against Boggs & Buhl, Inc., and Dr. Lloyd A. Busch, defendants, to recover damages for alleged negligence which caused her to fall, and for failure to give her proper medical treatment. Plaintiff is 70 years of age. On March 3, 1947, Mrs. Emich was injured when she slipped and fell in the store of Boggs & Buhl, Inc. The

store employes picked up Mrs. Emich and placed her in a wheel chair. She was taken immediately to the nearby office of Dr. Lloyd A. Busch, who was the agent of defendant, Boggs & Buhl, Inc. Dr. Busch examined and treated Mrs. Emich for the injuries received in her fall in the store and sent her home. He failed to diagnose her principal injury as a broken hip.

The sixth paragraph of the complaint sets forth the cause of action against Boggs & Buhl, Inc., as follows: "On or about the 3rd day of March, 1947, the plaintiff, Jennie Emich, was in the department store of the defendant, Boggs & Buhl, Inc., for the purpose of purchasing various articles. As the plaintiff was walking along an aisle near the service desk on the first floor she slipped and fell down because of the dangerous and defective conditions in the floor of the defendant's store, and by reason of the crowding and jostling by customers permitted by the defendant."

The seventh paragraph of the complaint then sets forth the following allegation of fact against said defendant Boggs & Buhl, Inc.: "After plaintiff fell, the servants and employes of the defendant, Boggs & Buhl, Inc., negligently placed her in a wheel chair in a sitting position, contrary to the most elementary rules of first aid. This lack of care aggravated the injury which she received in the fall."

The thirteenth paragraph of the complaint sets forth the cause of action against defendant Dr. Lloyd A. Busch as follows: "Pursuant to this undertaking, Dr. Busch examined the plaintiff in so negligent and unskillful a manner that he failed to ascertain that the plaintiff's right hip was broken. He told her to go home, but no adequate provision was made for her transportation. It was necessary for plaintiff to pay for an ambulance to get home. On her arrival she called her own physician, who immediately diagnosed her injury as a broken hip."

Plaintiff has thus joined in the instant suit two causes of action.

The preliminary objections which have been filed in behalf of defendant Dr. Lloyd A. Busch raise the question as to the right of plaintiff to join "two separate, distinct, and diverse causes of action in one suit, which do not arise from the same transaction or occurrence or series of transactions or occurrences, and which do not involve a common question of law and of fact."

It is alleged that the complaint combines two separate, distinct, and diverse causes of action, and that it should therefore be dismissed or a severance of claims be directed, for the following reasons:

1. The alleged causes of action do not arise from the same transaction or occurrence or series of transactions or occurrences, in violation of the law and the Rules of Civil Procedure.

2. Said alleged causes of action do not involve common questions of law and of fact.

3. The evidence to support or refute one claim would have no tendency to support or refute the other claim.

4. The joinder of the two diverse causes of action imposes an undue waste of time and money upon defendant Dr. Lloyd A. Busch in that he would be required to attend the trial of a totally unrelated cause of action for which, under the pleading, he has no liability in any amount whatsoever.

In joining the two actions in one suit plaintiff relies upon Pa. R. C. P. 2229(b) and (c) which read as follows:

"(b) A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common

question of law or fact affecting the liabilities of all such persons will arise in the action.

"(c) Parties may join or be joined in the alternative although the cause of action asserted by or against any one or more of them is inconsistent with the cause of action asserted by or against any of the others so joined."

Counsel for defendant Dr. Busch argues:

1. Prior to the new Rules of Civil Procedure such a joinder of two diverse causes of action would not have been proper: McCartney et ux. v. Hyman et al., 134 Pa. Superior Ct. 524.

2. The purpose of this rule was to permit a plaintiff to join two or more defendants when he knew that one or more of several persons was liable to him but was unable to ascertain which one.

Note of the Procedural Committee is as follows:

"The right to join defendants in the alternative is designed to remedy the situation in which the plaintiff knows that one or more of several persons is or are liable to him, but is unable to ascertain which or is unable honestly to allege that all such persons are jointly liable. Under the prior practice, the plaintiff in such a situation had to bring separate actions against each defendant or against such defendants as he could allege to be jointly liable. If he brought separate actions concurrently he could be confronted in one action with his pleadings filed in the other actions. If he brought the actions successively he might be barred from suing some of the defendants by the intervention of the statute of limitations or be prejudiced by the loss of evidence. In any event the plaintiff was subjected to the expense of several trials and the risk that a verdict against him might be returned in each case.

"The right to join defendants in the alternative permits the joinder in the alternative of the operators of

two automobiles where the plaintiff cannot ascertain the identity of the tort feasor, and of a trucking company and a warehouseman where the plaintiff cannot ascertain which is liable for damages to plaintiff's property. When the plaintiff cannot determine with which of two corporations he contracted or which of several persons is his employer he may join such corporations or persons as defendants in the alternative. If the plaintiff has dealt with a person who has purported to be an agent he may join both the alleged agent and the reputed principal as alternative defendants to enforce in the alternative the liability of the principal upon an authorized contract or the liability of the agent upon his misrepresentation of authority."

(Defendant Busch argues that the present joinder of two diverse and unrelated causes of action does not come within the intent and purpose of Pa. R. C. P. 2229.)

3. The joinder authorized by this rule is subject to the following limitations: (a) The claims must arise "out of the same transaction, occurrence, or series of transactions or occurrences". (b) There must be a "common question of law or fact affecting the liabilities of all such persons".

Defendant argues that this is made clear in the Commentary, at page 38, where the author discusses the provisions of Pa. R. C. P. 2229(a), which, for all practical purposes, is identical with rule 2229(b):

"Rule 2229(a)—5—Limitations on Joinder. The permissive joinder authorized by Rule 2229(a) is subject to two limitations. Persons asserting rights to relief jointly, severally, separately or in the alternative can only join as plaintiffs if their claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences' and there is a 'common question of law or fact affecting the rights to relief of all such persons'. Both of these conditions must be satisfied."

Counsel for plaintiff argues that the joinder is proper. According to the notes of the Procedural Rules Committee, this rule is an adaptation of the Federal Rule of Civil Procedure No. 20(*a*). It is broader than the previous Pennsylvania practice and permits defendants separately liable to be joined. By the terms of the rule defendants may be joined if their respective liabilities arise out of the same occurrences or series of occurrences. In the instant case plaintiff fell on the first floor of Boggs & Buhl, Inc. This was the basic occurrence. Her injuries are alleged to be due to several acts of negligence on the part of two defendants. Plaintiff contends that the store was negligent in not providing a safe place for her to walk, and that it was also negligent when its employes, contrary to well-known first aid rules, picked her up and put her in a wheel-chair and sent her to a doctor who failed to diagnose her injuries as a broken hip. Plaintiff also contends that both the store and Dr. Busch, as its agent, were negligent in examining and diagnosing plaintiff's injuries. The examination of Dr. Busch followed almost immediately after the fall and took place at his office on the same street as the store. In making his examination and giving treatment the doctor was acting as the agent of the store as alleged in paragraph 11 of the plaintiff's complaint.

In Toth v. O'Brien et al., 44 D. & C. 405, the court permitted plaintiff to join as defendants two doctors who treated her successively. In Sammons v. Colonial Press, 126 Fed. (2d) 341, a publisher and a printer were permitted to be joined in an action to recover damage for a copyright infringement. Even before the new Rules of Pennsylvania Civil Procedure, the Supreme Court in Williams v. Kozlowski et ux., 313 Pa. 219, permitted the City of Pittsburgh and the owner of property to be joined as defendants, although their liability was several and not joint. In Nachtman

v. Crucible Steel Company of America, 165 F. (2d) 997, the court said:

"But as has often been stressed, no complete identity of facts can be required or else every claim by different persons or dealing with differing steps in a litigation will always involve a different 'cause of action'. The theory adopted in the new rules (Federal rules) . . .. has been that the 'transaction' or 'occurrence' is the subject matter of a claim, rather than the legal rights arising therefrom; additions to or subtractions from the central core of fact do not change this substantial identity."

In the instant case the claim of plaintiff against both defendants stemmed from the basic fact that plaintiff fell and both the store and doctor are liable for the medical treatment given: the store in the capacity as principal and the doctor as an agent. In Toth v. O'Brien, supra, at page 408, the court said:

"Permissive joinder of defendants is also predicated on administrative convenience and not on the form of action or the nature of the cause of action. If the issues between the various parties may be conveniently tried and determined in one action, the joinder is desirable. Issues between various parties arising from a common factual background and involving common questions should ordinarily be determined in one action. Duplication of pleading and proof will be avoided and needless waste of money and time prevented. The permissive joinder of defendants does not unite the causes of action and they remain independent to the same extent as if separate suits had been brought, but consolidated for trial.". (See Pa. R. C. P. 2231(a) to (f).)

Plaintiff contends that she was injured because of the alleged negligence of Boggs & Buhl, Inc., in failing to keep the floors of its department store in a proper condition. The injury thus originally sustained was aggravated by the failure of attendants in the store to

give the plaintiff proper first-aid consideration, and by the subsequent alleged unskillful treatment of plaintiff by a physician who was the agent of Boggs & Buhl, Inc.

We are of the opinion that the joinder of Boggs & Buhl, Inc., and Dr. Lloyd A. Busch, defendants, is permissive and authorized by Pa. R. C. P. 2229.

In Toth v O'Brien, supra, the court held that under Pa. R. C. P. 2229(b) a patient may properly join as defendants in an action in trespass two doctors who attended her successively, the first of whom it is alleged negligently permitted a piece of gauze to remain within an incision, and the second of whom failed to discover and remove it.

"At common law the right to join defendants was determined by the nature of the liability and the form of action. In the field of tort law, if the independent and unconcerted acts of several persons harmed plaintiff, he had to sue them separately unless the doctrine of concurrently negligent tortfeasors was applicable: Parish v. Seitz et al., 314 Pa. 319; 2 Standard Pa. Practice, pp. 369, 374, 377. The fact that it may have been difficult to apportion to each tortfeasor the harm done by him to plaintiff did not warrant a departure from this rule: Gallagher v. Kemmerer et al., 144 Pa. 509."

The court then points out that in Pennsylvania we have departed radically from the early common-law practice. This was evidenced by the Sci. Fa. Act of 1929 and its amendments, permitting joinder of additional defendants.

"By the Act of June 21, 1937, P. L. 1982, 17 PS §61, the Supreme Court of Pennsylvania was authorized to promulgate uniform rules to regulate the practice in the lower courts. By virtue of this statute, a procedural rule has the effect of a statute and overrides any authority to the contrary. Acts of assembly incon-

sistent with the rules are suspended; decisions of any court, including those of the Supreme Court itself, are superseded when they conflict with a procedural rule:

"For example, the above-cited statutes, Act of April 10, 1929, P. L. 479; Act of June 22, 1931, P. L. 663; Act of May 18, 1933, P. L. 807, and Act of June 25, 1937, P. L. 2118, have been suspended in toto by the rules governing the joinder of additional parties. See generally Pennsylvania Rules of Civil Procedure. . . ."

In Thompson v. Fox, 326 Pa. 209, the court held that where a person effects a settlement for injuries with the tortfeasor who caused the accident in which he sustained the original injury he cannot thereafter recover against a physician for a negligent aggravation of the injuries prior to the time of settlement. Mr. Justice Stern cites in his opinion, section 457 of A. L. I. Restatement of the Law of Torts 1214, which reads as follows:

"If the negligent actor is liable for another's injury, he is also liable for any additional bodily harm resulting from acts done by third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or negligent manner.

"Doctors, being human, are apt occasionally to lapse from prescribed standards, and the likelihood of carelessness, lack of judgment or of skill, on the part of one employed to effect a cure for a condition caused by another's act, is therefore considered in law as an incident of the original injury, and, if the injured party has used ordinary care in the selection of a physician or surgeon, any additional harm resulting from the latter's mistake or negligence is considered as one of the elements of the damages for which the original wrongdoer is liable: Wallace v. Pennsylvania R. R. Co., 222 Pa. 556, 564. . . .

"Such being the law, for the final condition of his hip plaintiff could have sued, and did sue, Taylor; for the aggravation of the original condition plaintiff could have sued, and did sue, defendant He could have pursued both actions to judgment. For the same injury, however, an injured party can have but one satisfaction and the receipt of such satisfaction, either as payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury, necessarily works a release of all others liable for the same injury and prevents any further proceeding against them: Peterson v. Wiggins, 230 Pa. 631; Smith v. Roydhouse, Arey & Co., 244 Pa. 474; Mason v. Lavine, 302 Pa. 472. This is true even though it was intended, or the release expressly stipulated, that the other wrongdoers should not thereby be released: Seither v. Philadelphia Traction Co., 125 Pa. 397; Williams v. LeBar, 141 Pa. 149." Thompson v. Fox, supra.

In Nathan v. McGinley, 342 Pa. 12, Mr. Justice Schaffer held:

"A defendant whose negligence is the legal cause of personal injury to the plaintiff is also liable for the increased injury caused by the unskillful treatment of the plaintiff by a physician whom the plaintiff, in the exercise of ordinary care, has selected."

In the instant case the claim of plaintiff arises out of the basic fact that plaintiff fell and was injured in the Boggs & Buhl, Inc., store. The original injuries thus sustained were aggravated because of the medical treatment given both by store attendants and the doctor who was the agent of Boggs & Buhl, Inc. Plaintiff has here joined one defendant in the capacity as principal, and the other as its agent. We have cited decisions which indicate such a joinder is permissive and which point out the extent of liability of the individual whose negligence is the legal cause of injury to plain-

tiff and the nature and extent of recovery permissible by a plaintiff.

We therefore conclude that under Pa. R. C. P. 2229(*b*) and (*c*) plaintiff has properly joined instant defendants. The preliminary objections raising questions of law ex parte defendant Dr. Lloyd A. Busch will therefore be dismissed.