Bernice Harris, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Thomas Jefferson University, Intervenor.

318

Argued March 3, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

No appearance for respondent.

*Doreen S. Davis, Obermayer, Rebmann, Maxwell & Hippel,* for intervenor.

OPINION BY JUDGE MACPHAIL, April 28, 1982:

Bernice S. Harris (Claimant), was denied unemployment compensation benefits by reason of willful misconduct.[1] After a hearing, the referee found that on June 12, 1980, Claimant was absent from her assigned work area and was engaged in conversation with an unauthorized visitor. The referee found further that the Claimant was discharged on June 13, 1980 for continued violations of the employer's rules and regulations. Upon appeal, the Unemployment Compensation Board of Review (Board), in a decision dated October 20, 1980, detailed the Claimant's

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

prior violations and found that on June 13, 1980, Claimant had two visitors in her work area contrary to departmental policy and without good cause. In its discussion, the Board commented that Claimant was aware of the rules prohibiting visitors in a patient area without supervisory permission and that Claimant's daughter, who was one of the visitors on June 13, should have been told by Claimant to meet her in another area.[2]

Claimant petitioned the Board for reconsideration whereupon the Board vacated the decision issued October 20, 1980 and granted reargument.

In its decision dated January 9, 1981 (which is *not* attached to Appellant's brief), the Board found that not only did Claimant's daughter visit her in an unauthorized area but also that Claimant *was aware* that her daughter would visit her at her work area during her shift of employment. In its discussion, the Board emphasized that Claimant *knew* that her daughter would be visiting her and that such visit was in violation of the employer's policy. Our review of the testimony indicates no basis whatsoever for that critical finding by the Board. Neither brief before this Court addressed that issue.

Where there is no substantial evidence to support a critical finding by the Board, we would be inclined to reverse. In this instance, however, the parties have not mentioned the issue which this Court sees as being paramount and we may not decide the case sua sponte on an issue not addressed by the parties. *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).

For the reasons hereinbefore set forth we see no alternative but to order reargument of the case to enable the parties to address the last decision of the Board which denied benefits to the Claimant.

---

[2] *That* decision of the Board is attached to Appellant's brief.

### ORDER

It is ordered that this case be listed for reargument at the next available argument court and that a briefing schedule be established by the Prothonotary.

This decision was reached prior to the resignation of Judge MENCER.