Harry Gubernick and Jane Gubernick *v.* City of Philadelphia and SEPTA. City of Philadelphia, Appellant.

Argued April 4, 1984, before President Judge CRUMLISH, JR. and Judges MACPHAIL and COLINS, sitting as a panel of three.

*Barbara R. Axelrod,* Assistant City Solicitor, with her, *Mark A. Aronchick,* City Solicitor, *Gabriel L. I. Bevilacqua,* Chairperson of Litigation, *Sarah C. Makin,* Assistant City Solicitor, and *Jeffrey Batoff,* for appellant.

*Frank M. Jakobowski,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 2, 1984:

The City of Philadelphia appeals a Philadelphia County Common Pleas Court order granting in part the petition of Harry and Jane Gubernick for no-fault benefits. We vacate and remand.

The Gubernicks were attempting to cross a street near their home in Philadelphia when they were struck by an unmarked Philadelphia police car, resulting in personal injuries requiring extensive medical treatment.

The Gubernicks maintained their own health insurance coverage through which they were reimbursed for medical expenses.[1] They filed a petition in Philadelphia County Common Pleas Court for no-fault benefits, attorney fees, interest and costs pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act (No-fault Act)[2] which allowed recovery of medical expenses from an obligated municipality when the

---

[1] The Gubernicks did not own a motor vehicle and therefore did not possess no-fault insurance. They did, however, maintain their own voluntary coverage in Blue Cross and Medicare B. Medicare B is a voluntary insurance system under which a participant's premium payment is matched by the federal government. Thus, in partially granting the Gubernicks' petition, the common pleas court reduced the relief they requested by the amount of the federal government's contribution to their Medicare B coverage.

[2] Act of July 19, 1974, P.L. 489, *as amended,* 40 P.S. §1009.101-.701, repealed by Section 8 of the Act of February 12, 1984, P.L. 26 (effective July 1, 1984).

insured maintains a collateral source of benefits. The common pleas court partially granted the Gubernicks' petition. This appeal by the City of Philadelphia followed.

On appeal, the City contends that the Political Subdivision Tort Claims Act,[3] controls this action to the exclusion of the No-fault Act.[4] The Tort Claims Act, enacted by the Commonwealth in 1978, re-established sovereign immunity generally in the Commonwealth but admitted specific exceptions to its application—in particular, vehicle liability. Contrary to the No-fault Act, the Political Subdivisions Tort Claims Act limits recovery where a collateral source of benefits exists, requiring that a claimant's insurance benefits be deducted from the damages to which he would otherwise be entitled.[5]

A review of the record reveals that the City of Philadelphia did not, in its argument before the court below, address the issue of whether the Political Subdivision Tort Claims Act controls in this case. Ordinarily, questions not properly raised below will not be

---

[3] Act of November 26, 1978, P.L. 1399, *as amended*, formerly 53 P.S. §§5311.101-5311.803, repealed by Section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. §20043. These provisions are now found in Sections 8541 through 8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564.

[4] In the absence of Commonwealth case law, the City of Philadelphia relies principally on *Savitt v. City of Philadelphia*, 557 F. Supp. 321 (E.D. Pa. 1981), for its contention. Although this Court may look to Federal District Court decisions for guidance in the disposition of state actions, it is, of course, not bound by them as authority.

[5] Section 8553(d) of the Tort Claims Act, 42 Pa. C. S. §8553(d), states:

If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy . . . the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

considered by this Court on appeal. *Muehleisen v. State Civil Service Commission*, 66 Pa. Commonwealth Ct. 95, 443 A.2d 867 (1982), *aff'd* 501 Pa. 335, 461 A.2d 615 (1983). However, when an issue which the Court sees as paramount is not addressed by the parties, it will not decide the case sua sponte but will allow the parties an opportunity to address that issue. *Harris v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 317, 444 A.2d 807 (1982). We therefore remand this case to the common pleas court for determination of which law controls and disposition of the Gubernicks' petition in accordance with that law.

Vacated and remanded.

AMENDING ORDER

The Philadelphia County Common Pleas Court order dated August 26, 1982, March Term, 1980, No. 6098, is vacated and this case is remanded to the common pleas court for further proceedings consistent with this Opinion.

Jurisdiction relinquished.