497 A.2d 1342

**Helen WOJCIECHOWSKI and Charles Wojciechowski, Her Husband, Appellants,**

v.

**William MURRAY, Court Administrator of Lackawanna County and the County of Lackawanna.**

Superior Court of Pennsylvania.

Submitted June 18, 1985.

Filed Aug. 23, 1985.

Frank J. Muraca, Scranton, for appellants.

Paul J. Gelman, Philadelphia, for appellees.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is a consolidated appeal from the January 10, 1985 judgment entered following the granting of the preliminary objections in the nature of a demurrer and the motion for judgment on the pleadings of the defendants-appellees, County of Lackawanna and William Murray, Court Adminis-

trator of Lackawanna County, respectively. We vacate and remand.

■ As is our function upon an appeal from a decision of the lower court sustaining the preliminary objections in the nature of a demurrer to the plaintiff's complaint, the appellate court must accept as true every relevant fact sufficiently averred in the plaintiff's complaint together with every inference favorable to the plaintiff which is fairly deducible therefrom. 16 Standard Pennsylvania Practice 2d, § 91:61 at 484–86 (1983).

■ In passing on the propriety of the entry by the lower court of the judgment on the pleadings, we, as an appellate court, must accept as true, for purposes of review, the factual allegations in the plaintiff's complaint, and from such an inquiry determine whether or not the action of the court below was based on a clear error of law, or whether there were facts disclosed by the pleadings which ought to be passed on by a jury. 16 Standard Pennsylvania Practice 2d, § 91:63 at 489, 490 (1983).

In compliance with the aforesaid, we see that in Helen and Charles Wojciechowskis' complaint in trespass, filed February 22, 1984, the plaintiffs alleged that Helen had filled out a jury service questionnaire mailed to her by William Murray. Therein, Helen had written that "she could not serve on the jury panel for medical reasons...." (Paragraph 5) Her doctor attested to the same. However, despite the return of the questionnaire with the excuse by her doctor that she had an "unstable cardiac condition", Helen was called for jury service. A second attempt by Helen's doctor to have his patient excused also proved unsuccessful. In this communique the doctor informed the Court Administrator's Office that a nurse should be made available in the courtroom and that arrangements should be made for a possible emergency transfer to a hospital should Helen "suffer one of her unpredictable cardiac spells in court." (*See* Exhibit "B")

On March 23, 1981, Helen appeared for jury duty and was selected to hear a criminal case. She goes on to aver that "[o]n March 25, 1981, as a result of jury service aforesaid, ... [she] suffered a heart attack and was immediately hospitalized at the Community Medical Center, Scranton, Pennsylvania." (Paragraph 10) Helen attributed her heart attack to the "negligence and carelessness of the Defendant, County of Lackawanna, by and through its agent, servant, workman or employee, Defendant, Court Administrator" on the following grounds:

A) failing to excuse Helen ... from jury service after her return of the questionnaire form;

B) failing to excuse Helen ... from jury service after her physician ... corresponded with the Court Administrator;

C) failing to excuse Helen ... from jury service at the time of voir dire;

D) failing to promulgate policies, guidelines, standards or procedures for excusing jurors from service; and

E) being otherwise negligent, careless and reckless.

(Paragraph 11) In turn, Helen's husband sought the recoupment of damages for the defendants' negligence and carelessness in causing the "depriv[ation] of the assistance and society of his wife...." (Paragraph 19)

In March of 1984, after the completion of interrogatories, Lackawanna County and William Murray submitted preliminary objections in the nature of a demurrer and a motion for judgment on the pleadings, respectively.

In the case of Lackawanna County, it read Helen's complaint as alleging the "negligent infliction of emotional distress". Accordingly, it went on to contend that since Helen had failed to state that the "defendants acted intentionally to injure" her, she had neglected to state a claim upon which relief could be granted. As for plaintiff-husband's claim, the County continued, his derivative suit had to fail with the denial of his wife's claim.

William Murray, on the other hand, requested a grant of his motion on the grounds that: 1) he, as Court Administra-

tor, was immune from suit for the actions complained-of; 2) plaintiffs had not stated a claim upon which relief might be granted; and 3) plaintiffs' action was barred by the statute of limitations, 42 Pa.C.S.A. § 5522(b)(1).

The trial court issued an opinion and order granting Lackawanna County's preliminary objections. However, the relief was predicated upon the trial court's sua sponte recognition that, because the County was a "local agency" (*see* 42 Pa.C.S.A. § 8501), the body politic was immune from suit under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541. Shortly thereafter, the trial court issued an order encompassing William Murray's motion upon the plaintiffs' notation that the initial order neglected to cover the Court Administrator's request for relief.

At the outset, we wish to state that, in the face of a defective record, we are hampered in our effort to render a prudent decision.

■ In general, we observe that the trial court failed to comply with its statutorily created obligation to set forth in an opinion "the reasons for the order" granting William Murray's motion for judgment on the pleadings. Pa.R. App.P. 1925(a). In particular, we are compelled to note our disapproval of the trial court's sua sponte reference to and use of the Political Subdivision Tort Claims Act "as a basis for the present cause of action to be dismissed." Especially is this so in the absence of Lackawanna County's reliance upon such an immunity statute to skirt liability. The reasons against endorsing such a gratuitous act were cogently stated in *Dash v. Wilap Corp.*, 343 Pa.Super. 584, 495 A.2d 950 (1985), wherein the trial court's denial to the plaintiffs of the opportunity to retain an additional defendant in a personal injury case, because it felt that any verdict brought in by the jury in favor of the plaintiffs would have been time-barred, was held to be "presumptive". Additionally, we observed that the statute of limitations was a defense which should not be addressed by a trial court sua sponte. Rather, the defense had to be pleaded. Also, as is germane herein, we went on to write:

Instantly, it is undisputed that Rightly[-additional defendant] has neither entered an appearance nor has he, as a result, raised any objections or defenses to his inclusion in the suit. Therefore, *since Rightly has failed to act, it is not the responsibility of the trial court to act as his advocate and proffer a defense to the plaintiffs' request to seek an amendment to their complaint.*

343 Pa.Super. at 594, 495 A.2d at 955 (Emphasis added).

■ In the same vein, we admonish the trial court here for raising a defense on behalf of the appellee/Lackawanna County, and, in essence, acting as its advocate. Such is not the function of a jurist. *Cf. Moore v. Mobil Oil Co.,* 331 Pa.Super. 241, 283, 480 A.2d 1012, 1034 (1984) (Dissenting Opinion by POPOVICH, J.) ("We[, i.e., the courts,] should not act as attorneys for the Prosecution and find new issues unless we do the same for the appellant." (Citation omitted)).

We do not find persuasive the argument of counsel for Lackawanna County that if a remand takes place it assuredly will raise the Political Subdivision Tort Claims Act as a defense. Consequently, in reliance upon *Parish v. Seitz,* 314 Pa. 319, 171 A. 586 (1934), Lackawanna County requests this Court to overlook the procedural irregularity and, in the interest of judicial economy, sustain the actions of the trial court.

We decline Lackawanna County's invitation to give tacit approval to a practice hereinbefore criticized. *See, e.g., Moore v. Mobil Oil Co., supra; Hatalowich v. Bednarski,* 315 Pa.Super. 303, 461 A.2d 1292 (1983); *Edward M. v. O'Neill,* 291 Pa.Super. 531, 436 A.2d 628 (1981).

Also, we find *Parish* distinguishable in that the Supreme Court there noted, in responding to the plaintiff's claim that the trial court could not grant the defendant's motion for a nonsuit because the motion had been waived upon the defendant's presentation of evidence, that:

Even if the action had been tried to a verdict for plaintiff, it would have been the duty of the [trial] court to enter judgment for the defendant's n.o.v.

314 Pa. at 320, 171 A. at 587. Thus, the *Parish* Court observed that the plaintiff "was not barred" by the grant of the nonsuit.

Instantly, in contrast to *Parish,* the trial court would not have had the "duty" to grant the preliminary objections of the appellee *absent the filing of a defense of governmental immunity pleading. See Dash v. Wilap Corp., supra.* Accordingly, the appellants should be given the opportunity to respond (which they have not done specifically in their brief to us) to the governmental immunities contentions. As much was stated by Commonwealth Court in *Gubernick v. City of Philadelphia,* 85 Pa.Cmwlth. 397, 481 A.2d 1255 (1984).

In *Gubernick,* the petitioners were granted no-fault benefits after being struck by a Philadelphia police vehicle. The City of Philadelphia appealed. The circumstances prompting a remand were stated by Commonwealth Court as follows:

> On appeal, the City contends that the Political Subdivision Tort Claims Act [] controls this action to the exclusion of the No-fault Act.

*      *      *      *      *      *

> A review of the record reveals that the City of Philadelphia did not, in its argument before the court below, address the issue of whether the Political Subdivision Tort Claims Act controls in this case. Ordinarily, questions not properly raised below will not be considered by this Court on appeal. *Muehleisen v. State Civil Service Commission,* 66 Pa. Commonwealth Ct. 95, 443 A.2d 867 (1982), *aff'd* 501 Pa. 335, 461 A.2d 615 (1983). However, when an issue which the Court sees as paramount is not addressed by the parties, it will not decide the case sua sponte but will allow the parties an opportunity to address that issue. *Harris v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 317, 444 A.2d 807 (1982). We therefore remand this case to the

common pleas court for determination of which law controls and disposition of the Gubernicks' position in accordance with that law.

Vacated and remanded.

85 Pa.Cmwlth. at 399–400, 481 A.2d at 1256–1257 (Footnotes omitted).

In the spirit of *Gubernick*, we remand to allow the parties to argue their respective positions to the trial court, *in accordance with accepted principles of pleading.*

The fact that the trial court addressed the governmental immunities precept as to Lackawanna County, sua sponte, does nothing to alter our ruling. *See generally Commercial Credit Corp. v. Cacciatiore*, 343 Pa.Super. 430, 495 A.2d 540 (1985). We conclude, therefore, that a remand is necessary not only to rectify the initial impropriety engaged in by the trial court, but we do so to secure the benefit of the trial court's rationale for its order granting William Murray's motion for judgment on the pleadings. We welcome and value the insight of the trial court on an issue that has received sparse consideration by our appellate courts.

To remedy the wrongs present in the case at bar, we vacate and remand for proceedings consistent with the opinion herein written. Jurisdiction is relinquished.