539 A.2d 59

General Accident Insurance Co., Appellant *v.* City of Philadelphia, Appellee.

Argued December 15, 1987, before President Judge CRUMLISH, JR., and Judges BARRY and COLINS, sitting as a panel of three.

*Anthony Bernard Quinn,* for appellant.

*Barbara R. Axelrod,* Divisional Deputy in charge of Appeals, with her, *Handsel B. Minyard,* City Solicitor, and *Norma S. Weaver,* Deputy in charge of Claims, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 22, 1988:

General Accident Insurance Company (General Accident) appeals a Philadelphia County Common Pleas Court order sustaining preliminary objections filed by the City of Philadelphia and dismissing its complaint with prejudice. We affirm.

This action originates from an automobile accident in which a car driven by General Accident's policyholder, Arthur Necci, was struck by an uninsured motorist at an intersection within the City of Philadelphia. General Accident paid Necci basic loss benefits and a collision claim, as well as uninsured motorist benefits. General Accident now seeks indemnification and/or contribution based on its allegation that the City is jointly or severally liable for negligently failing to replace a fallen stop sign at the intersection. In dismissing the complaint, the common pleas court determined that the City was protected from indemnification liability under Section 8553(d) of the Judicial Code[1] and was not liable for contribution because no City vehicle or employee was involved in the accident.

Our scope of review of a common pleas court order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Rok v. Flaherty,* 106 Pa. Commonwealth Ct. 570, 527 A.2d 211 (1987).

General Accident asserts that the Judicial Code's immunity provision does not preclude contribution to an

---

[1] 42 Pa. C. S. §8553(d).

insurer obligated to indemnify its insured for losses caused jointly by a municipality and an uninsured motorist. Specifically, General Accident contends that it stands in the shoes of the uninsured motorist, on whose behalf it paid uninsured motorist benefits to its policyholder. Hence, it claims entitlement to contribution from the City, under both the Uninsured Motorist Act[2] and the Uniform Contribution Among Tort-feasors Act.[3] We disagree.

Section 8553(d) of the Judicial Code provides:

> (d) Insurance Benefits—If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

This section limits recovery by a claimant-insured where a collateral source of benefits exists; it requires that the claimant's insurance benefits be deducted from the damages for which the municipality would otherwise be liable. *Gubernick v. City of Philadelphia,* 85 Pa. Commonwealth Ct. 397, 481 A.2d 1255 (1984).

Despite its protestations to the contrary, General Accident is asserting its rights as a subrogee of its insured, Necci, and as such stands in his shoes with respect to his rights and injuries. *See Michel v. City of Bethlehem,* 84 Pa. Commonwealth Ct. 43, 478 A.2d 164 (1984). Because Necci's claim was apparently satisfied by General Accident, he has no remaining claim against the City of Philadelphia and, consequently, there is no

---

[2] Act of August 14, 1963, P.L. 909, *as amended,* 40 P.S. §2000(d)-(f).

[3] 42 Pa. C. S. §§8321-8327.

claim to which General Accident can be subrogated. General Accident's argument that it is entitled to contribution from the City as a joint tort-feasor is without merit for the same reason. As a subrogee, General Accident may only pursue the interests of its insured, not the interests of the uninsured motorist.[4] This is true despite the fact that it was the uninsured motorist's involvement in the accident that caused General Accident to be obligated to pay benefits.[5]

---

[4] General Accident contends that under Section 1(d) of the Uninsured Motorist Act, 40 P.S. §2000(d), it has the right to recover against any person liable for the injuries to its insured. That section provides, in pertinent part:

> In the event of payment to any person under the coverage required by this section, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made. . . .

We note, however, that the sole purpose of this section is to allow an insurer to exercise its rights as subrogee for uninsured motorist payments made to its insured. *Walls v. City of Pittsburgh*, 292 Pa. Superior Ct. 18, 436 A.2d 698 (1981). This provision was not intended to eliminate the fundamental precept of subrogation law that a subrogee may assert only the rights of its subrogor. The City's contention that General Accident waived the issue of contribution or subrogation under the Uninsured Motorist Act is without merit as that Act was addressed within the common pleas judge's opinion as were the issues of subrogation and contribution.

[5] General Accident relies upon *City of Philadelphia v. Nationwide Insurance Co.*, 92 Pa. Commonwealth Ct. 20, 498 A.2d 462 (1985), for the proposition that an insurer may be entitled to contribution from a municipality for insurance benefits already paid to an accident victim. *Nationwide* is clearly distinguishable as there the City was liable for basic loss benefits as an "obligated government" under Section 104(a) of the Pennsylvania No-Fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, *formerly* 40 P.S. §1009.104(a), repealed by the Act of February 12, 1984, P.L. 26, 75 Pa. C. S. §§1701—1798. In that case, Nationwide was seeking con-

Accordingly, the order of the trial court is affirmed.

ORDER

The order of the Philadelphia County Common Pleas Court, No. 3623 dated April 21, 1987, is affirmed.

tribution for no-fault benefits it had paid to an uninsured pedestrian who had been struck in a collision between a vehicle driven by Nationwide's insured and a City police car. In this instance, the insurer is not asserting the right of contribution of an equally obligated joint tort-feasor, but that of its insured whose right of recovery against the City is limited by virtue of Section 8553(d) of the Judicial Code.