572 A.2d 852

**GLENDON CIVIC ASSOCIATION, Appellant,**

v.

**BOROUGH OF GLENDON and Glendon Energy Company, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided April 3, 1990.

Petition for Allowance of Appeal Denied Aug. 13, 1990.

Sean P. Flynn, Fox, Differ, Callahan, Ulrich & O'Hara, for appellant.

Jan Z. Krasnowiecki, Pepper, Hamilton & Scheetz, for appellee, Glendon Energy Co.

Frank S. Poswistilo, for appellee, Borough of Glendon.

Before CRAIG and PALLADINO, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

The Glendon Civic Association (GCA)[1] appeals from an order of the Court of Common Pleas of Northampton County (trial court), which sustained the preliminary objections of the Glendon Energy Company (GEC), and dismissed GCA's action for declaratory judgment as untimely filed. We affirm.

The property at issue in this appeal was located in a district zoned for Industrial Uses (IU). The Borough of Glendon (Borough) Zoning Ordinance provided that in an IU District permitted uses include "any use required for manufacturing or industry which ... will not be noxious or offensive by reason of dust, odor, smoke, gas, vibration or noise to the immediate neighbors."[2] The ordinance further provided that uses clearly noxious or offensive by reason of dust, odor, smoke, gas, vibration or noise shall include the

1. An association composed of persons who reside and pay taxes in the Borough or who live in the vicinity of the property in issue in this appeal.
2. Article VIII, Section 28, Permitted Uses, subsection 2.

operation of a "facility for the incineration, reduction, or storage of garbage ... unless the site is specifically so designated, authorized and controlled by official action of the Borough Council."[3]

Enacted on June 3, 1987, Borough Ordinance 87-1 (Ordinance 87-1) designated and authorized a site, owned by Energenics/Glendon, Inc. (Energenics), for the construction and operation of a solid-waste-to-electric generating facility and recycling center (trash to steam facility). Ordinance 87-1 also authorized the execution of a Host Community Agreement (Agreement) between the Borough and Energenics, which set the conditions for the use of the facility. On December 2, 1987, the Borough enacted Ordinance 87-3, by which it consented to Energenic's assignment of Energenic's rights and obligations under the Agreement to GEC.

On January 11, 1989, GCA filed a complaint seeking a declaratory judgment that Ordinances 87-1, 87-3 and the Agreement were invalid, for the following five reasons:

(1) That Ordinance 87-1 and the Agreement are attempts to regulate the operation of a resource recovery facility, which is preempted by the Solid Waste Management Act;[4]

(2) That Ordinance 87-1 and the Agreement are the products of improper and illegal flexible selective zoning;

(3) That Ordinance 87-1 and the Agreement are products of improper and illegal contract zoning;

(4) That Ordinance 87-1 and the Agreement are ultra vires and are not based on any valid police power; and

(5) That Ordinance 87-1 and the Agreement are products of arbitrary special legislation and/or spot zoning.

GEC filed preliminary objections in the nature of a demurrer contending that the action was time barred and that the Enactment of Ordinance 87-1 constituted a valid grant of a conditional use under the zoning ordinances. The trial

3. Article VIII, Section 28, Prohibited Uses, subsection 2(c).

4. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101–6018.1003.

court concluded that the applicable limitation is 42 Pa.C.S. § 5571(c)(5), which provides: "Questions relating to an alleged defect in the process of enactment or adoption of any ordinance ... of a political subdivision shall be raised by appeal commenced within 30 days after the effective date of the ordinance." The trial court held that the action was untimely.

On appeal to this court,[5] GCA raises three issues (1) whether the challenge to the ordinances was untimely; (2) whether the challenge to the Agreement was untimely and (3) whether the enactment of Ordinance 87–1 constituted a valid grant of a conditional use.

GCA asserts that there is no statutory limitation for a declaratory judgment action. GCA argues that section 5571(c)(5) is a limitation for actions challenging the procedure used to adopt ordinances. GCA contends that because its action seeks a declaration as to the substance of the ordinances section 5571(c)(5) is inapplicable.

"Judicial relief based on a declaratory judgment or decree may be granted whenever necessary or proper, subject to Chapter 55 (relating to limitation of time)." 42 Pa.C.S. § 7538. The general rule under Chapter 55 is that an "action ... must be commenced within the time specified in or pursuant to this chapter unless, in the case of a civil action or proceeding, a different time is provided by this title or another statute." 42 Pa.C.S. § 5501. Clearly there are time limitations for actions seeking declaratory judgment.

■ GEC asserts that a thirty day time limitation for actions seeking to invalidate an ordinance is provided by the Pennsylvania Municipalities Planning Code (MPC) as to both

5. Our scope of review of a common pleas court order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *General Accident Insurance Co. v. City of Philadelphia*, 114 Pa. Commonwealth Ct. 528, 539 A.2d 59 (1987).

procedural questions [6] and substantive questions.[7] A reading of the whole complaint makes clear that GCA challenged the substance of the ordinances. We hold that the complaint was not timely pursuant to section 10914.1(a) of the MPC.

As to the second issue, GCA argues that the Agreement is a contract subject to an action for declaratory relief under 42 Pa.C.S. § 7533. GCA contends that because the Agreement was not adopted pursuant to the MPC, the MPC time limitations do not apply to that part of its complaint seeking a declaration that the Agreement is invalid.

The trial court, having concluded that GCA's action challenging the validity of the ordinances was untimely, held that GCA could not collaterally attack the ordinances in an action challenging the Agreement.

The Agreement contains the conditions for the use authorized in Ordinance 87–1. The sole purpose of attacking the Agreement is to undermine this grant of authority. We hold that the declaratory relief sought as to the Agreement is a collateral attack on the ordinances which is time barred by the MPC.

Because we conclude that GCA's complaint was untimely, the third issue is not before this court. However, from our review of the record it is clear that, by enacting Ordinance 87–1, the Borough specifically designated the site for which the conditional use was authorized. The Borough controlled the use by imposing requirements in Ordinance 87–1 and the Agreement to prevent the facility from becoming

6. Section 909.1(a)(2) of the Act of July 31, 1968, P.L. 805, *as amended,* added by Section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. 10909.1(a)(2). This section provides that challenges to the validity of a zoning ordinance raising procedural questions or alleging defects in the process of enactment must be raised within thirty days after the effective date of the ordinance.

7. Section 914.1(a) of the MPC, 53 P.S. § 10914.1(a) provides in pertinent part: "No person shall be allowed to file any proceeding ... later than 30 days after an application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such a proceeding is designed to secure reversal or to limit the approval in any manner."

noxious or offensive by reason of dust, odor, smoke, gas, vibration or noise.[8]  Had this issue been squarely before us, we would have held that the Borough's actions constituted a valid grant of a conditional use under article VIII, section 28(2) of its zoning ordinance.

Accordingly, we affirm.

## ORDER

AND NOW, April 3, 1990, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is affirmed.

8. Ordinance 87–1 and the Agreement require that the facility be operated in compliance with state and federal law and in a manner to prevent health hazards, excessive noise, fire hazards, litter and glare from exterior lights.