495 A.2d 950

**Mollie DASH & Harry Dash H/W, Appellants,**

v.

**WILAP CORPORATION and John Rightly.**

Superior Court of Pennsylvania.

Argued March 25, 1985.

Filed July 5, 1985.

Gary Tilles, Philadelphia, for appellants.

Leslie A. Miller, Philadelphia, for appellees.

Before BECK, POPOVICH and TROMMER, JJ.*

POPOVICH, Judge:

This is an appeal by the plaintiffs (Harry Dash and Mollie Dash, Husband/Wife) from the order of the Court of Common Pleas of Philadelphia County (per Judge DiBona) granting the defendant's (Wilap Corp.'s) petition to discontinue its joinder of and cause of action against John Rightly, the additional defendant. We affirm and modify.

On May 7, 1982, the plaintiffs filed a praecipe with the prothonotary for the issuance of a summons in trespass against the defendant. Service by the sheriff was made on May 14, and was followed by the filing of a praecipe by the defendant for a rule to file a complaint upon the plaintiffs on June 17. Thereafter, on July 2, a 3-count complaint in trespass was filed in which the plaintiffs averred that the defendant owned ninety (90) acres of undeveloped land, a

---

* Judge Evelyn M. Trommer, Senior Judge of the Court of Common Pleas of Philadelphia County, is sitting by designation.

portion of which abutted the plaintiffs' property and was not maintained for a period of at least four (4) years prior to May of 1980 "to the peril, danger, harm, disgust and annoyance of the plaintiffs in the habitation of their home." In particular, the plaintiffs alleged that the "unkept" acreage resulted in the creation of an unreasonably dangerous condition ("nuisance") utilized by criminals "for purposes of concealment, safe cover, refuge and as a haven in the commission of crimes against persons and properties in proximity to the ... Wilap Tract, one of which is the Dash property." The plaintiffs went on to aver:

7. Directly as a result of the conditions heretofore described, on May 22, 1980, one John Rightly, wearing blue jeans, t-shirt and a stocking mask over his face, and illegally carrying a Browning 9 millimeter revolver was dropped off from an automobile near the Wilap Tract, entered and walked through the Wilap Tract under concealment, and undetected and reached the Dash property abutting same.

8. Thereupon, John Rightly forcibly entered the Dash residence wherein plaintiff, Mollie Dash, was home alone. When Mrs. Dash sought to flee the residence she was brutally attacked and beaten by John Rightly, who repeatedly struck Mrs. Dash with the aforementioned firearm on the head and upper body, inflicting severe and serious injuries.

9. After beating Mollie Dash, John Rightly seized valuable personal belongings of the plaintiffs and left their residence. John Rightly stealthy returned to his auto through the Wilap Tract which because of the conditions above described [, i.e., debris, high grass, unkept and untrimmed weeds and hedges, and other objectionable vegetation ... remain[ed] on the Wilap Tract, so as to] conceal[ ], hid[e] and protect[ ] the assailment [sic] as he made his get-away.

The remaining portions of the complaint recounted the injuries sustained, the cost incurred and the pain endured by the plaintiff Mollie Dash. Also, each plaintiff asked for

monies attributable to compensatory ($20,000.00) and punitive ($500,000.00) damages, in addition to a claimed loss of personal property (in the amount of $32,000.00) by virtue of the theft by John Rightly.

On September 7, 1982, the defendant filed a complaint against John Rightly, who by that time had been incarcerated for the Dash burglary and assault. Defendant averred that the additional defendant was the sole cause of the injuries and damages claimed by the plaintiffs. Thus, it prayed that the court find the additional defendant solely liable or jointly and severally liable to the plaintiffs with the defendant, or liable over to the defendant by way of indemnification.

Also, on the date just stated, the defendant filed an answer denying all of the plaintiffs' allegations, as well as new matter asserting the additional defendant's sole liability to the plaintiffs and the barring or limiting effect of 42 Pa.C.S.A. § 7102 on the plaintiffs' cause of action.

On September 15, 1982, the plaintiffs filed a reply to defendant's new matter denying that John Rightly was the "sole cause" of the injuries and damages or that Mollie Dash contributed in any way to her injuries or damages.

On July 26, 1984, the defendant filed a petition to discontinue its complaint against the additional defendant John Rightly, and, also, have him dropped from the record as a defendant in the suit involving the Dashes and Wilap Corporation. It sought such relief on the basis that the plaintiffs never amended their complaint in trespass so as to name Rightly as a party to the litigation. Further, in its "Memorandum of Law in Support of Petition to Discontinue Action and Drop a Party", the defendant argued that since the plaintiffs' complaint alleged negligence on its part in the maintenance of its land, it did not see, regardless of what the outcome might be, how John Rightly was relevant to such a determination. Thus, it continued, only when John Rightly was removed would "the parties in interest [be] free to litigate the central issues of this case—whether Petitioner was negligent in maintaining its land, and wheth-

er this alleged negligence is in any way related to the injuries claimed by Plaintiffs."

On August 12, 1984, the plaintiffs filed a reply admitting their inaction. However, they contended that there was no legal necessity for them to act since the defendant's joinder action "created the legal situation the same as if Mr. Rightly had been sued initially." Additionally, the plaintiffs contended that Rightly was a necessary party to the suit whose removal would permanently prejudice their case. Thus, they sought either the denial of the defendant's petition, or, in the alternative, allowance on their part to join Rightly as a defendant *nunc pro tunc.*

Also, in a Memorandum of Law in support of their reply to the defendant's petition, the plaintiffs conceded the joinder of Rightly as an additional defendant by the original defendant, but urged, in reliance upon Pa.R.Civ.P. 2255(b), that they had "the same rights they would have had if they had sued such additional defendant directly ...." Consequently, they claimed to be "the only party" who could discontinue the action as to the additional defendant.

Further, the plaintiffs considered Rightly to be a necessary party since, in a statement allegedly made to the District Attorney of Delaware County, he admitted that "he assaulted Mollie Dash and stated he used the wild conditions existing upon Petitioner's tract of land as cover in order to gain access to the Dash property." Therefore, the plaintiffs argued the incurrence of "extreme prejudice and inconvenience" if the defendant's petition were granted. *See* Pa.R.Civ.P. 229(c). However, if such action were taken, the plaintiffs again asked for the opportunity to file a complaint joining Rightly as a defendant *nunc pro tunc.*

By order of court, the plaintiffs' requested relief was denied. This appeal followed.

Before addressing the merits of the plaintiffs' arguments, we need to assure ourselves, regardless of the parties' acquiescence on the matter, that the order appealed is a final one. *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d

721 (1977); *McGee v. Singley*, 382 Pa. 18, 114 A.2d 141 (1955); *Turner v. May Corp.*, 285 Pa.Super. 241, 427 A.2d 203 (1981).

In this jurisdiction, it is axiomatic that " ' * * * an appeal will lie only from a definitive order, decree or judgment which finally determines the action. In order to constitute a final order, decree or judgment, the order must terminate the litigation between the parties to the suit by precluding a party from further action in that court.' " *Peterson v. Philadelphia Suburban Transportation Co.*, 435 Pa. 232, 238, 255 A.2d 577, 581 (1969), quoting *Middleberg v. Middleberg*, 427 Pa. 114, 115, 233 A.2d 889, 890 (1967). Moreover, the dismissal of a complaint as to one defendant in a multi-defendant suit is a final appealable order. *See United States National Bank in Johnstown v. Johnson*, 506 Pa. 622, 629, 487 A.2d 809, 813 (1985). Similarly, an order is "final" if it stops a party from presenting the merits of his claim to the trial court. *Marino Estate*, 440 Pa. 492, 494, 269 A.2d 645, 646 (1970).

An examination of the facts reveals that although the plaintiffs are neither "out of court" nor are they estopped from proffering their version of the personal injury suit as to Wilap Corporation, they are effectively prevented from determining their rights vis-a-vis the additional defendant. *See Zakian v. Liljestrand*, 438 Pa. 249, 264 A.2d 638 (1970); *Rau v. Manko*, 341 Pa. 17, 17 A.2d 422 (1941). Also, since scrutiny of the record evidences that, as to the plaintiffs, John Rightly can be characterized as a "party to the action" by reason of his joinder as an additional defendant by Wilap Corporation pursuant to Pa.R.Civ.P. 2252(a) & (b), *see Pushnik v. Winky's Drive-In Restaurants, Inc.*, 242 Pa.Super. 323, 336–337, 363 A.2d 1291, 1297–1298 (1976), the plaintiffs' inability to have their rights determined in regard to Rightly in that litigation converts the order appealed into a final one. Our Supreme Court indicated as much in *Brandywine Area Joint School Authority v. VanCor, Inc.*, 426 Pa. 448, 233 A.2d 240 (1967), wherein the original defendants appealed an order sustaining the prelim-

inary objections of the additional defendants, and dismissing the additional defendant complaints against each of them.

On review, the Supreme Court in *Brandywine* treated the appealability of the order in the context of the plaintiff's rights in not having the appeal quashed. It did so in the following manner; to-wit:

> We conclude that while an order overruling preliminary objections to an additional party's complaint is interlocutory, an order granting such objections and dismissing the complaint is final and appealable. Although the plaintiff in the additional party's complaint may have a further cause of action against the defendant in the additional party complaint subsequent to the resolution of the basic litigation, he is precluded in that basic litigation from determining his rights vis-a-vis the additional defendant in that litigation. We shall, therefore, deny the motion to quash.

426 Pa. at 450, 233 A.2d at 241–42. Thus, in accordance with the rationale of *Brandywine,* we find the order appealable. We may now proceed to determine the propriety of the lower court's order granting the original defendant's petition to discontinue its complaint against the additional defendant over the plaintiffs' objection.

■ To start with, "[d]iscontinuance of an action is always subject to the consent of the court, and it should not be permitted if prejudicial to the rights of others." *Bily v. Allegheny County Board of Property Assessment,* 353 Pa. 49, 52, 44 A.2d 250, 252 (1945).

Accordingly, we need to decide whether the rights of the plaintiffs would be prejudiced if the trial court's order were sustained.

■ The trial court's order discontinuing the original defendant's cause of action against the additional defendant Rightly was premised upon its belief that because joinder

took place after the two-year statute of limitations had run,[1] alleged injury was sustained in May of 1980 and joinder occurred in September of 1982, any claims of the plaintiffs against the additional defendant would be time-barred "even if a jury brought in a verdict finding joint liability." We find this conclusion to be presumptive.

For example, in *Sykes v. Southeastern Pennsylvania Transportation Authority*, 225 Pa.Super. 69, 310 A.2d 277 (1973), a passenger sustained injuries while riding the defendant's bus and commenced an action in assumpsit alleging that the incident was solely the result of a breach by the defendant of its express and implied warranty to transport the plaintiff safely and comfortably. The defendant filed preliminary objections claiming that the complaint did not state a cause of action and was a "spurious attempt" to avoid the two-year statute of limitations for wrongful personal injury which had already expired. The trial court sustained the objections and dismissed the plaintiff's complaint with prejudice.

While on appeal, the plaintiff was unsuccessful in having the trial court reconsider its order or, in the alternative, to grant permission to file an amended complaint. However, the plaintiff included in the printed record to Superior Court a copy of her petition to amend. It contained a good cause of action in assumpsit for breach of a contract of a non-negligent carrier.

Albeit this Court affirmed that portion of the ruling sustaining the defendant's demurrer, we spoke on the circumstances justifying our reversal of the trial court's order dismissing with prejudice the plaintiff's complaint so as to foreclose her from filing a proposed amendment. In doing so, we stated:

> Apparently, the lower court put plaintiff[ ] out of court because it believed that any attempts to amend would be barred by the statute of limitations. That is probably

1. The Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended,* December 20, 1982, P.L. 1409, No. 326, art. II, § 201, eff. in 60 days; 42 Pa.C.S.A. § 5524(2) (Supp.1984–85).

correct so far as the proposed amended complaint produced at argument before us is concerned. Whether it be brought in assumpsit or trespass, a suit for breach of nonnegligent carriage is brought for injuries wrongfully done to the person and falls within the bar of the 2-year statute of limitations for personal injuries. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34.

However, *the statute of limitations ... is a waivable defense.* See *Bellotti v. Spaeder,* 433 Pa. 219, 249 A.2d 343 (1969); *Smith v. Pennsylvania R.R.,* 304 Pa. 294, 156 A. 89 (1931). *It is not a defense absolute which will be taken notice of by the court* nor may it be raised by preliminary objection. *Royal Oil & Gas Corp. v. Tunnelton Mining Co.,* 444 Pa. 105, 282 A.2d 384 (1971); *Quaker City Chocolate & Confectionery Co. v. Delhi-Warnock Bldg. Ass'n,* 357 Pa. 307, 53 A.2d 597 (1947). *It was thus improper for the court below to foreclose plaintiffs from making any attempts to amend at that stage of the proceedings.*

Our action does not mean that the defendant may not raise the defense of the statute of limitations, but only that it must be raised in a proper pleading. As a general rule, a court will not permit an amendment introducing a new cause of action after the statute of limitations has run. *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 219 A.2d 676 (1966). That rule is designed to protect a defendant from being deprived of his right to plead the statute of limitations. 22 P.L.E. Limitation of Actions § 108 (1959). Such would be the case where the original complaint was filed within the period allowed by the statute of limitations, but the amended complaint introduced a new cause of action after the statute of limitations had expired. If the amendment were allowed, the new cause of action introduced would be timely since the amended complaint relates back to the date the original complaint was filed. 3 Standard Pennsylvania Practice 681 (1952). In that situation it would be proper for the court to deny the amendment. Otherwise, the defendant

would be prejudiced in not being able to plead the defense of the statute of limitations.

* * * * * *

Thus, the defendant will be able to plead the defense of the statute of limitations, if it so desires, in the new matter of its answer to the amended complaint. Pa.R. C.P. No. 1030, 12 P.S. Appendix.

225 Pa.Super. at 72–74, 310 A.2d at 279–280 (Emphasis added) (Footnote omitted).

As in *Sykes,* we hold that the trial court here acted prematurely in ruling in advance of the action sought to be taken that the statute of limitations would preclude recovery even if an award in favor of the plaintiffs and against Rightly were entered after a trial. This comports with the position of the courts of this Commonwealth on the subject; viz.:

> The statute of limitations does not divest the court of jurisdiction over either the cause of action or the parties, but is merely a procedural bar to recovery which may be waived by consent or conduct implying consent. *Bellotti v. Spaeder,* 433 Pa. 219, 249 A.2d 343 (1969).
>
> Rule 1030 of the Pennsylvania Rules of Civil Procedure requires that the statute of limitations "shall" be pleaded as an affirmative defense under New Matter; otherwise, the defense is waived. *Royal Oil & Gas Corporation v. Tunnelton Mining Company,* 444 Pa. 105, 282 A.2d 384 (1971). It has long been our rule that unless the statute is pleaded as a defense, it is waived. *Heath v. Page,* 48 Pa. 130, 142 (1864).

*Thompson v. Southeastern Pennsylvania Transportation Authority,* 280 Pa.Super. 193, 199–200, 421 A.2d 471, 474 (1980).

 Instantly, it is undisputed that Rightly has neither entered an appearance nor has he, as a result, raised any objections or defenses to his inclusion in the suit. Therefore, since Rightly has failed to act, it is not the responsibility of the trial court to act as his advocate and proffer a

defense to the plaintiffs' request to seek an amendment to their complaint. This, of necessity, dispenses with the need to review the "prejudice" aspect, if any,[2] of the order granting the defendant's petition to discontinue as to Rightly. In other words, the plaintiffs can achieve their objective of retaining Rightly in the lawsuit by amending their complaint. This is so because the effect of Rightly having been included in the litigation by the defendant pursuant to Pa.R.Civ.P. 2255[3] renders the course sought to be taken by the plaintiffs a proper one since "... the *right party* was in court as the result of service of process and it was merely his ... designation which was sought to be changed ...." *Saracina v. Cotoia*, 417 Pa. 80, 84, 208 A.2d 764, 766 (1965). This is in contrast to "[a]n amendment of the complaint, after the statute of limitations has run, to bring in a *new and distinct party* to the action [which] cannot be permitted." *Cianchetti v. Kaylen*, 241 Pa.Super. 437, 441, 361 A.2d 842, 843 (1976) (Citations omitted) (Emphasis in original). Nor are we confronted with a situation where a new cause of action, or a new subject-matter, or a fatal and material defect in the pleadings is sought to be corrected after the statute of limitations has become a bar. *School District of Borough of Shenandoah et al. v. City of Philadelphia*, 367 Pa. 180, 79 A.2d 433 (1951).

It is our conclusion that it would be consistent with the policy of this Court to grant leave to the plaintiffs to amend their complaint to reflect the proper parties to the suit and

2. Parenthetically, we see that even if the discontinuance were not allowed, and, thus, Rightly remained as a party to the suit until trial, he would still not be denied the opportunity to raise the statute of limitations as a defense at that stage of the case. *See Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971); *Cynthia H. v. Milton M.*, 328 Pa.Super. 332, 476 A.2d 1357 (1984). So, under either scenario Rightly could exercise his affirmative defense.

3. In response to the plaintiffs' argument that under the Rules of Civil Procedure only they, as plaintiffs, are vested with the authority to seek a discontinuance as to a party-litigant, we observe that because the original defendant (joining party) and additional defendant Rightly (joined party) were to be considered as plaintiff and defendant, respectively, *see* Pa.R.Civ.P. 2255(a), the trial court acted properly under the imprimatur of Pa.R.Civ.P. 229 in acting upon Wilap Corporation's motion to discontinue as to Rightly.

achieve the desirable effect of "disposing of litigation on the merits, if possible." *United National Insurance Co. v. M. London, Inc.*, 337 Pa.Super. 526, 547, 487 A.2d 385, 395 (1985).

Accordingly, the action sustaining the defendant's petition to discontinue is affirmed, but the order dismissing the plaintiffs' request to amend their complaint is reversed with directions that the plaintiffs be given a reasonable time within which to file their proposed amended complaint.