582 A.2d 1125

**In re ESTATE OF Mary McFarland CAVALIER, a/d Mary McF Cavalier, a/d Mary M. Cavalier, Deceased.**

**Appeal of Mary Ann WILLIAMS.**

Superior Court of Pennsylvania.

Argued Oct. 16, 1990.

Filed Dec. 4, 1990.

638

Stuart J. Horner, Jr., Greensburg, for appellant.

B. Patrick Costello, Greensburg, for appellee.

Before ROWLEY, WIEAND and HUDOCK, JJ.

WIEAND, Judge:

Mary Ann Williams filed in the Orphans' Court of Westmoreland County a petition which, in three separate counts, attempted to state causes of action against Union National Bank of Pittsburgh (the Bank) in its capacities as (1) executor of the Estate of Mary McFarland Cavalier, deceased; (2) trustee under the will of Marion A. Cavalier, deceased; and (3) executor under the will of Marion A. Cavalier, deceased. Because the Bank had never acted as executor or trustee of the Estate of Marion A. Cavalier, deceased, the Orphans' Court sustained preliminary objections in the nature of a demurrer to counts two and three. Williams appealed.

The order sustaining preliminary objections in the nature of a demurrer to counts two and three of the petition is final and appealable. By its order, the court adjudicated finally and put appellant out of court on all claims asserted against the Bank for its handling of or refusal to handle the Estate of Marion A. Cavalier, deceased. The remaining claim is against the Estate of Mary McFarland Cavalier for the alleged mishandling, during the decedent's lifetime, of an interest owned in real estate by her deceased husband. This remaining claim is not only separate from the claims adjudicated by the Orphans' Court, but it is also against a different party. Under these circumstances, the order of the Orphans' Court is appealable. See: *United States National Bank in Johnstown v. Johnson*, 506 Pa. 622, 487 A.2d 809 (1985) (order sustaining preliminary objections in nature of demurrer of party defendant and dismissing party as defendant to action terminated litigation as far as plaintiff was concerned by prohibiting it from proceeding with

action against party defendant, and was, therefore, final and appealable); *Cloverleaf Development, Inc. v. Horizon Financial F.A.*, 347 Pa.Super. 75, 500 A.2d 163 (1985) (where dismissal of one count of several counts of a multi-count complaint has effect of precluding plaintiff from pursuing the merits of separate and distinct causes of action, order sustaining preliminary objections is final with respect to causes of action dismissed); *Dash v. Wilap Corp.*, 343 Pa.Super. 584, 495 A.2d 950 (1985) (dismissal of complaint as to one defendant in multi-defendant suit is final, appealable order).

Marion A. Cavalier died testate on January 12, 1961. By the terms of his will he created a trust for and during the life of his wife, Mary McFarland Cavalier, with the remainder to be distributed upon her death to Mary Ann Williams, his daughter by a prior marriage, and to two nieces of his second wife. The Bank was named as executor and trustee. Because it did not appear that there were any substantial estate assets, Cavalier's will was not probated, and his wife paid all remaining debts. In 1973, however, it was discovered that Cavalier had died seized of a one-fourth (¼) interest in a tract containing forty-seven (47) acres of land in Unity Township, Westmoreland County. On June 22, 1973, the Bank formally declined to act as executor of Cavalier's estate, and, on July 20, 1973, letters of administration c.t.a. were issued to Mary McFarland Cavalier. She sold her deceased husband's interest in a parcel of .951 acres, and the Orphans' Court awarded to her the interest of her husband in the remaining land to reimburse her for the decedent's debts, which she had paid. The one-fourth interest in the remaining land was sold by the widow in 1977. Therefore, the trust envisioned by Cavalier's will never came into existence.

Mary McFarland Cavalier died in 1987, and letters testamentary were issued to the Bank. In 1989, Mary Ann Williams filed the instant petition in which she accused her stepmother and the Bank, as executor and trustee under the will of her deceased father, of negligence and/or fraud in

disposing of Cavalier's estate for inadequate consideration. This prompted the summary order from which the instant appeal has been taken. Williams contends (1) that the Bank had a duty to advise all beneficiaries under the will of Marion Cavalier, deceased, before declining to serve as executor and (2) that in the absence of a formal declination to act as trustee, the Bank had a duty, as trustee, to account to the remaindermen when Mary McFarland Cavalier died in 1987. We disagree with these contentions and affirm the order of the Orphans' Court.

The person or institution named as executor in the will of a decedent cannot be forced to undertake the fiduciary responsibilities of such office. Unless and until the named executor consents to act and qualifies for office, neither statute nor rule of court imposes upon such person a duty to act as a fiduciary for or account to the beneficiaries named in the will. Similarly, there is no requirement that such person give prior notice of his or her intent to refuse to act as executor when such is the case. In the instant case, the Cavalier will was not probated for more than twelve (12) years following the testator's death, and, in 1973, when it was finally offered for probate, the Bank formally declined to act as executor. As such, it cannot be held liable for alleged breaches of fiduciary duties either before or after probate of the will.

After the will had been probated and letters of administration c.t.a. had been issued to the decedent's widow, it was she who assumed fiduciary responsibilities toward those persons who had been named as beneficiaries in the decedent's will. The estate was thereafter settled by the administratrix c.t.a. in a manner which was approved by the Orphans' Court. It was settled in a manner which left no assets for transfer to the testamentary trust. Therefore, the trust did not ever come into existence. Because there was no trust res, the trust did not exist, and the trustee named in the testator's will did not ever assume the responsibilities of such office. It follows that appellant cannot by this litigation impose liability upon the Bank for

642

violating fiduciary duties which it did not assume and which were not imposed upon it by rule of law.

If appellant was injured because of the manner in which her father's estate was distributed, liability therefor cannot be laid at the doorstep of the Bank, which at no time assumed or otherwise acquired fiduciary responsibilities. Instead, the liability, if any, must be placed upon the fiduciary whose conduct caused the loss. This would be the administratrix c.t.a. against whom a cause of action has been stated and remains undetermined.

Order affirmed.

HUDOCK, J., did not participate in the consideration or decision of this appeal.