J-A22003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE MATTER OF ESTATE OF LYDIA F. SHEARLDS, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: DEREE J. NORMAN | |
| | No. 494 EDA 2017 |

Appeal from the Decree January 5, 2017
In the Court of Common Pleas of Delaware County
Orphans' Court at No(s): 384-2015

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED OCTOBER 20, 2017**

Deree J. Norman appeals *pro se* from the January 5, 2017 decree denying his appeal from the probate of the last will and testament of Lydia F. Shearlds, deceased.   We affirm.

Lydia Shearlds died testate on April 4, 2015.  On April 22, 2015, the Register of Wills of Delaware County admitted to probate an April 1, 2015 document as the last will and testament of the decedent, and issued letters testamentary to the executrix named therein, Maria S. Slocum. Lydia had been married twice and had four sons, Appellant, Noel Norman, Khalil Shearlds and Haile Shearlds. Noel Norman predeceased his mother.   The decedent also had raised Michelle Shearlds.   In her will, Lydia left her

_____
* Retired Senior Judge specially assigned to the Superior Court.

residuary estate, in equal shares, to her surviving three sons and to Michelle Shearlds. Michelle was identified in the will as Lydia's child, even though Michelle was never formally adopted by Lydia.

The genesis of this appeal lies in an August 1, 2016 petition filed by Appellant. In that petition, Appellant sought the removal of Maria Slocum as executrix and to invalidate the probated will. In his petition, Appellant did not claim that the will was procured by undue influence exercised by Ms. Slocum. The only grounds that Appellant raised for invalidating the will were that Ms. Slocum unlawfully altered the document and that Michelle was improperly designated as a child of the decedent. **See** Petition to Remove Maria S. Slocum as Executrix and Contest the Validity of the Will, 8/1/16, at (unnumbered page) 1. Specifically, Appellant averred that he had been named executor in the April 1, 2015 will, but Ms. Slocum inserted her name for his name. Appellant additionally alleged that the will was void in that "Michelle Shearlds (Michelle) is listed as a child of the Decedent by birth or adoption. . . . However, Michelle is not the Decedent's biological child nor was she ever legally adopt[ed] by the Decedent, therefore the improper relationship classification of child as it pertains to Michelle is grounds to invalidate the Will." **Id**. at (unnumbered page) 5; **Id**. at 6.

The orphans' court granted Appellant's petition in part and denied it in part. While the orphans' court removed Ms. Slocum as executrix, it refused to invalidate the will, finding that Appellant's petition challenging its validity

was an untimely appeal from probate. *See* 20 Pa.C.S. § 908(a) (emphasis added) ("Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court **within one year of the decree**[.]"). No one had raised the untimeliness of the petition as grounds for denial of relief. This appeal followed. Appellant raises these issues for our consideration:

1. Did the Trial Court fail to fully analyze, conceptualize and or comprehend the impact of Slocum's testimony as to her unlawful altering of the Testator's Last Will and Testament by inserting her own name as the chosen Executor?

2. Did the Trial Court fail to fully analyze, conceptualize and or comprehend the impact of Slocum's testimony as to her coercive and or manipulative actions which included confronting the Testator choice of Executor while she was hospitalized?

3. Did the Trial Court act within its reasonable authority by asserting the affirmative defense citing a statute of limitations violation that should have been introduced in a responsive pleading as New Matters in the form of Preliminary Objections by the former Executrix.

4. Did the Trial Court fail to exercise an equal level of latitude in its decision by not acknowledging or asserting the two available provisions of law that would have granted the Petition in its entirety?

Appellant's brief at 1-2.

We are duly cognizant of the applicable standard of review in these matters:

> Our standard of review of the findings of an Orphans'
> Court is deferential.
>
> When reviewing a decree entered by the Orphans'
> Court, this Court must determine whether the record
> is free from legal error and the court's factual
> findings are supported by the evidence. Because the
> Orphans' Court sits as the fact-finder, it determines
> the credibility of the witnesses and, on review, we
> will not reverse its credibility determinations absent
> an abuse of that discretion.
>
> However, we are not constrained to give the same
> deference to any resulting legal conclusions.
>
> *In re Estate of Harrison*, 745 A.2d 676, 678–79 (Pa.Super.
> 2000), *appeal denied,* 563 Pa. 646, 758 A.2d 1200 (2000)
> (internal citations and quotation marks omitted). "The Orphans'
> Court decision will not be reversed unless there has been an
> abuse of discretion or a fundamental error in applying the
> correct principles of law." *In re Estate of Luongo*, 823 A.2d
> 942, 951 (Pa.Super. 2003), *appeal denied,* 577 Pa. 722, 847
> A.2d 1287 (2003).

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa.Super. 2016) (emphasis added).

Initially, we note our agreement with Appellant's position that the orphans' court improperly denied his request to invalidate the will on the ground that the petition was untimely. The orphans' court raised this issue *sua sponte*. As we noted in *Dash v. Wilap Corp.*, 495 A.2d 950 (Pa.Super. 1985), a statute-of-limitations defense can be waived and should not be raised by a trial court on its own. Herein, the period for appeal from probate set forth in § 908(a) is a time limitation that should not have been considered unless raised by a party.

- 4 -

Appellant's remaining three issues relate to the validity of the will and all involve a claim of undue influence. Specifically, he avers that the orphans' court should have invalidated the will as procured by Ms. Slocum's "undue influences and unlawful manipulations" of the testatrix. Appellant's brief at 5. We observed in *In re Estate of Smaling*, 80 A.3d 485, 497 (Pa.Super. 2013) (*en banc*) (citing *In re Ziel's Estate*, 59 A.2d 728 (Pa. 1976)), "A party claiming undue influence must establish, by clear and convincing evidence, that: (1) when the will was executed the testator was of weakened intellect and (2) that a person in a confidential relationship with the testator (3) receives a substantial benefit under the will."

In his petition to invalidate the will, Appellant did not raise the position that the will was procured by undue influence. His sole averments, as outlined *supra*, were that it was void since Slocum inserted her name in place of his as personal representative and since Michelle was improperly characterized as a child of Lydia. Hence, Appellant's claim of undue influence is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Coulter v. Ramsden*, 94 A.3d 1080 (Pa.Super. 2014) (issue was waived as it was not presented to trial court).

Additionally, Appellant's argument is unsupported by citation to appropriate authority regarding the legal definition of undue influence. He further does not refer us to how he established that the will was procured by

undue influence at the hearing on his petition. Thus, his position that the will should be struck down as obtained by undue influence exercised by Ms. Slocum is waived for that additional reason. Pa.R.A.P. 2119(a) ("The argument [section of an appellate brief] shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent."); ***Coulter***, ***supra*** (issue waived as it was unsupported by discussion and analysis of relevant legal authority); ***Lackner v. Glosser****,* 892 A.2d 21, 29–30 (Pa.Super. 2006) ("Appellate arguments which fail to adhere to these rules [of appellate procedure] may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention."); ***Korn v. Epstein***, 727 A.2d 1130, 1135 (Pa.Super. 1999) (citation omitted) ("Where the appellant has failed to cite any authority in support of a contention, the claim is waived. Appellant's *pro se* status does not absolve him of the responsibility to comply with the rules of appellate procedure, cite legal authorities, and develop cogent argument on the pertinent issue. ***First Union Mortg. Corp. v. Frempong***, 744 A.2d 327, 337 (Pa.Super. 1999) ("*pro s*e representation does not relieve appellant of his duty to properly raise and develop his appealable claims"). The fact that Ms. Slocum altered the will by inserting her name as personal representative

does not, to any extent, establish the elements of undue influence, as outlined above.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2017