J-S10006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WAYNE PAUL BURKETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PARSONS TOWING AND RECOVERY | : | No. 1245 MDA 2021 |
| SERVICE | : | |

Appeal from the Order Entered August 25, 2021
In the Court of Common Pleas of Mifflin County
Civil Division at 2020-00922

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:          **FILED: MARCH 30, 2022**

Wayne Paul Burkett (Appellant), *pro se*,[1] appeals from the order dismissing his complaint against Parsons Towing and Recovery Service (Parsons).  We vacate the order of the trial court and remand for further proceedings.

On October 5, 2020, Appellant filed a civil complaint against Parsons, which alleged that on October 26, 2016, at the request of the Lewistown Police Department, Parsons towed Appellant's Chevrolet Silverado from East Market Street in Lewistown.  Complaint, 10/5/20, ¶¶ 2-3.  Parsons did not secure the Silverado or inventory his personal property within the vehicle.  *Id.* ¶¶ 4, 6,

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant appeared *pro se* throughout the underlying proceedings.

14. Appellant called Parsons on December 23, 2016, requesting access to the vehicle to retrieve his personal property. *Id.* ¶¶ 9, 11. Parsons refused, demanding towing and storage fees exceeding $600.00. *Id.* ¶¶ 10-11. Parsons subsequently transferred the vehicle to Premier Finance Adjusters (Premier) for $1,305.00. *Id.* ¶ 12. According to Appellant, Premier's inventory of the vehicle indicated it contained no personal property. *Id.* ¶ 14. Consequently, Appellant asserted causes of action for negligence, conversion of personal property, violation of privacy and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law.[2] *See generally id.* ¶¶ 15-33.

On November 5, 2020, Appellant served Parsons with notice of his intent to enter a default judgment pursuant to Pa.R.C.P. 237. *See* Notice of Intent, 11/19/20, Attachment (return receipt). The trial court explained:

> On November 19, 2020, Appellant filed a Notice of Praecipe to Enter Judgment of Default against [Parsons]. On the same day, November 19, 2020, Appellant filed [a] Praecipe to Enter Default Judgment. Again, on December 22, 2020, Appellant filed a second Praecipe to Enter Default Judgment. However, per the Clerk of Court, Appellant did not provide the requisite notice to the Prothonotary, **and no default judgment was entered**. This caused great confusion in this case, and [Parsons] proceeded to file an Answer because while the Praecipe to Enter Default [J]udgment was docketed, there was no judgment entered by the Prothonotary….

Trial Court Opinion, 11/19/21, at 1-2 (emphasis added).

---

[2] *See* 73 Pa.C.S.A. §§ 201-1-2-1-9.3.

- 2 -

On April 1, 2021, Parsons filed an answer to Appellant's complaint. Answer, 4/1/21. In response, Appellant filed a motion to strike the answer as untimely filed. Motion to Strike, 4/14/21. The trial court conducted hearings on April 1, 2021, and June 16, 2021. On August 25, 2021, the trial court entered an order purporting to vacate the default judgment entered against Parsons[3] and dismissing Appellant's complaint as barred by the statute of limitations. Trial Court Opinion, 8/25/21, at 2. Appellant filed a motion for reconsideration, which was denied by operation of law. Thereafter, Appellant timely filed a notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for review:

I. Whether the court erred when finding default judgment was not entered in the record because Appellant did not provide[] the requisite notice to the prothonotary to enter the default of record[?]

II. Whether the court erred when improperly[] *sua sponte* raising [the] statute of limitations, when the issue was not before the court, and dismissing with prejudice Appellant's claims, and vacating [the] default judgment[?]

III. Whether the court erred in finding Appellant waived [his] objection to the court raising [the] issue of [the] of statute of limitations, when any such objection would have been premature, as Appellant could not have reasonably anticipated the court dismissing Appellant's claims and vacating the judgment[?]

Appellant's Brief at 4 (issues renumbered).

---

[3] The trial court subsequently recognized "that vacating a judgment that did not exist was in error." Trial Court Opinion, 11/19/21, at 2.

Appellant first challenges the trial court's conclusion that no default judgment exists. *Id.* at 22. Appellant asserts he filed a praecipe to enter default judgment on November 19, 2020, and the praecipe was docketed. *Id.* at 23. Appellant points out the prothonotary's stamp indicating that notice pursuant to Pa.R.C.P. 236 was entered. *Id.* Appellant further claims he served Parsons with the praecipe on December 8, 2020. *Id.*

"The interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law. Accordingly, to the extent that we are required to interpret a rule of civil procedure, our standard of review is *de novo*, and our scope of review is plenary." **Keller v. Mey**, 67 A.3d 1, 5 (Pa. Super. 2013) (citation omitted).

"The object of all interpretation and construction of [the Rules of Civil Procedure] is to ascertain and effectuate the intention of [our] Supreme Court." Pa.R.C.P. 127(a). In doing so, the Rules are to be "liberally construed to secure the just, speedy[,] and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. 126.

Pennsylvania Rule of Civil Procedure 237.1 provides, in relevant part, as follows:

> **(2)** No judgment … by default for failure to plead shall be entered by the prothonotary **unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered**
>
> …

(ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

…

**(3) A copy of the notice shall be attached to the praecipe.**

**(4) The notice and certification required by this rule may not be waived.**

Pa.R.C.P. 237.1(2), (3), (4) (emphasis added). The 1994 Explanatory Comment to Rule 237.1 provides, in relevant part:

The rule continues the practice of entering judgment by the filing of a praecipe with the prothonotary. Two additional requirements are imposed. First, the praecipe must contain a certification that notice was given in accordance with the rule. **Second, a copy of the notice must be attached to the praecipe.**

*Id.*, Explanatory Cmt. (1994) (emphasis added).

Our review of the record discloses that Appellant initially filed a praecipe to enter default judgment on November 19, 2020. Praecipe to Enter Default Judgment, 11/19/20. Appellant did not attach the required Rule 237.1 notice to his praecipe.[4] The record reflects no entry of default judgment against Parsons on that date.

Appellant filed a second praecipe to enter a default judgment on December 22, 2020. Praecipe to Enter Default Judgment, 12/22/20. Our review discloses Appellant again failed to attach the required Pa.R.C.P. 237.1

_____

[4] It appears that Appellant filed the Notice separately.

- 5 -

notice. Because Appellant failed to comply with Rule 237.1(3), we discern no error in the prothonotary's refusal to enter default judgment. *See* Pa.R.C.P. 237.1(3). Consequently, Appellant's first issue lacks merit.

We address Appellant's second and third issues together, as they are related. In his second claim, Appellant argues the trial court erred by *sua sponte* raising the statute of limitations and dismissing his complaint with prejudice. Appellant's Brief at 18. Appellant asserts Parsons never raised a statute of limitations defense in its untimely answer. *Id.* Citing Pa.R.C.P. 1030(a) and 1032, Appellant claims Parsons waived the statute of limitations defense by not pleading it in a new matter. *Id.* at 19. Appellant also claims the trial court erred by raising the issue *sua sponte* and dismissing his complaint on this basis. *Id.* at 21-22.

In his third claim, Appellant disputes the trial court's finding that he waived any objection to the trial court's dismissal of the complaint based on the statute of limitations. *Id.* at 25. Appellant asserts he "could not have reasonably anticipated the court's dismissing [his] claims on the basis of the statute of limitations," because the issue was not before the court. *Id.* Upon careful review, we agree.

Pennsylvania Rule of Civil Procedure 1030(a) states, "all affirmative defenses including but not limited to the defenses of … statute of limitations, **shall be pleaded** in a responsive pleading under the heading 'New Matter.'" Pa.R.C.P. 1030(a) (emphasis added). In *Dash v. Wilap Corp.*, 495 A.2d 950

(Pa. Super. 1985), we recognized a trial court "acted prematurely in ruling in advance of the action sought to be taken that the statute of limitations would preclude [the plaintiff's] recovery[.]" **Id.** at 955. We reasoned that the statute of limitations "does not divest the court of jurisdiction over either the cause of action or the parties, but is merely a procedural bar to recovery which may be waived by consent or conduct implying consent." **Id.** (citation omitted). This Court expressly stated, "it is not the responsibility of the trial court to act as [the party's] advocate and proffer a defense[.]" **Id.**

Here, the trial court cited **Wojciechowski v. Murray**, 497 A.2d 1342 (Pa. Super. 1985), to support its ruling on the statute of limitations issue, stating:

> [C]areful review of **Wojciechowski** affirms this [c]ourt's decision. The Court in **Wojciechowski** was reprimanded for dismissing a case *sua sponte* under the Political Subdivision Tort Claims Act. However, **Wojciechowski** was remanded to the trial court "to allow the parties to argue their respective positions to the trial court, in accordance with the accepted principles of pleading." **Wojciechowski**, 497 A.2d [at] 1345[.]
>
> In the case at hand, with no default judgment being entered by the Prothonotary, an Answer had just been filed. Pursuant to Pa.R.C.P. 1033, courts should liberally allow amendments to pleadings. Although the Answer filed by [Parsons] failed to address the statute of limitations, given the principles of Pa.R.C.P. 1033, [Parsons] would be allowed to amend his Answer to include a statute of limitations defense. **Absent that defense being pled,** this [c]ourt cannot ignore a facially untimely pleading. Noticing that this incident occurred such a long time ago, this [c]ourt directly asked about the issue of the statute of limitations to Appellant on the record at the time of the hearing. This [c]ourt further notes that at no time did Appellant object to this [c]ourt's inquiry about the statute of limitations….

Trial Court Opinion, 11/19/21, at 2-3 (emphasis added).

Critically, the trial court ignores our admonishment in ***Wojciechowski***:

In particular, we are compelled to note our disapproval of the trial court's *sua sponte* reference to and use of the Political Subdivision Tort Claims Act "as a basis for the present cause of action to be dismissed." Especially is this so in the absence of [defendant] Lackawanna County's reliance upon such an immunity statute to skirt liability. The reasons against endorsing such a gratuitous act were cogently stated in ***Dash*** …, wherein the trial court's denial to the plaintiffs of the opportunity to retain an additional defendant in a personal injury case, because it felt that any verdict brought in by the jury in favor of the plaintiffs would have been time-barred, was held to be "presumptive". Additionally, we observed that **the statute of limitations was a defense which should not be addressed by a trial court *sua sponte*. Rather, the defense had to be pleaded.** Also, as is germane herein, we went on to write:

Instantly, it is undisputed that [the additional defendant] has neither entered an appearance nor has he, as a result, raised any objections or defenses to his inclusion in the suit. Therefore, since [this party] has failed to act, **it is not the responsibility of the trial court to act as his advocate and proffer a defense** to the plaintiffs' request to seek an amendment to their complaint.

***Wojciechowski***, 497 A.2d at 1344 (emphasis added) (quoting ***Dash***, 495 A.2d at 955-56) (emphasis added)). Although the defendant in ***Wojciechowski***, in Lackawanna County, had asked this Court to rule on the Political Subdivision Tort Claims Act issue, we declined. We explained:

We do not find persuasive the argument of counsel for Lackawanna County that if a remand takes place, it assuredly will raise the Political Subdivision Tort Claims Act as a defense. … Lackawanna County requests this Court to overlook the procedural irregularity and, in the interest of judicial economy, sustain the actions of the trial court.

We decline Lackawanna County's invitation to give tacit approval to a practice hereinbefore criticized.

*Id.* at 1344-45 (citations omitted).

As in **Wojciechowski**, we will not in this instance give tacit approval to the trial court's anticipatory application of the statute of limitations. Contrary to **Dash** and **Wojciechowski**, the trial court asserted the defense, *sua sponte*, on Parsons's behalf. This was error. **See Wojciechowski**, 497 A.2d at 1344 (admonishing trial court "for raising a [statute of limitations] defense on behalf of the appellee … and, in essence, acting as its advocate."); **see also Yount v. Pa. Dep't of Corr.**, 966 A.2d 1115, 1119 (Pa. 2009) (in the context of summary judgment, concluding "[f]or a trial court to raise an argument in favor of summary judgment *sua sponte* and grant summary judgment thereon risks depriving the court the benefit of advocacy on the issue, and depriving the parties the opportunity to be heard.").

Furthermore, Appellant preserved his objection to the statute of limitations defense at the June 16, 2021, hearing. Appellant specifically argued, "as far as any affirmative defenses, the statute of limitations were [*sic*] waived in the Answer. **It wasn't pled**." N.T., 6/16/21, at 5 (emphasis added). Thus, Appellant preserved the issue for review.

Because the trial court erred in *sua sponte* asserting the statute of limitations defense, we vacate the order dismissing the complaint and remand for further proceedings.[5]

Order vacated. Case remanded for further proceedings consistent with this Memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/30/2022

---

[5] We make no determination regarding the viability of a statute of limitations defense if properly pled.